UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE MOORE,

    Plaintiff,                                           Hon. Robert J. Jonker

v.                                                              Case No. 1:20-cv-714

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 28 years of age on his alleged disability onset date. (ECF No. 11-5, PageID.245). Plaintiff possesses a tenth-grade education and worked previously as a bus boy and meat inspector. (ECF No. 11-2, 11-6, PageID.68-69, 289). Plaintiff applied for benefits on March 24, 2017, alleging that he had been

disabled since November 1, 2015, due to a learning disability, narcolepsy, and migraine headaches. (ECF No. 11-5, 11-6, PageID.245-55, 288).

Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 11-3 – 11-5, PageID.103-243). Following an administrative hearing, ALJ Andrew Sloss, in an opinion dated July 5, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 11-2, PageID.60-101). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision. (ECF No. 11-2, PageID.38-42). Plaintiff timely initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age,

education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from narcolepsy and borderline intellectual functioning, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 11-2, PageID.63-64).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform work at all exertional levels subject to the following limitations: (1) he must avoid all exposure to hazards; (2) he can perform simple, routine tasks; and (3) is limited to jobs with only occasional changes in the work setting. (*Id.*, PageID.64). A vocational expert testified that Plaintiff, despite these limitations, could still perform his past relevant work as a bus boy and meat inspector. (*Id.*, PageID.68-69). Relying on this testimony, the ALJ found that Plaintiff was not entitled to disability benefits.

I.      **Plaintiff's Residual Functional Capacity**

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").  The ALJ found that Plaintiff retained the ability to perform work at all exertional levels subject to several non-exertional limitations. Plaintiff argues that the ALJ, in assessing his RFC, failed to sufficiently account for his "need for extra supervision, excessive sleepiness and/or tendency to fall asleep." (ECF No. 15, PageID.445).

With respect to his alleged "need for extra supervision," Plaintiff cites to a single piece of evidence – comments made by a consulting psychologist who appears to have encountered Plaintiff on a single occasion.   (ECF No. 11-7, PageID.387-88). On July 31, 2017, Plaintiff participated in intellectual testing the results of which revealed that he experiences "mild intellectual disability."  (*Id.*, PageID.388).  The examiner noted that Plaintiff "may be able to do some simple tasks and on a somewhat sustained basis, however [he] would need ongoing and extra practice and reminders, when learning and doing tasks."  (*Id.*).  The examiner further noted that while Plaintiff "would have difficulty with more complex and detailed tasks," he "likely has a low level of severity in adaptive functioning."  (*Id.*).

-5-

The examiner's observations are not inconsistent or incompatible with the ALJ's RFC assessment, which limited Plaintiff to jobs with simple and routine tasks in settings with only occasional changes. Also, Plaintiff's reported activities are inconsistent with a more restrictive RFC. As the ALJ observed, Plaintiff "regularly took care of his children, could shop, pay bills, count monetary change, handle a savings account, watch sports, and play games on his phone." (ECF No. 11-2, 11-6, 11-7, PageID.66, 295-302, 356, 361, 375, 377-78, 380, 390, 399, 405, 424).

As for Plaintiff's alleged "excessive sleepiness and/or tendency to fall asleep," the evidence reveals that Plaintiff's narcolepsy is controllable with medication. (ECF No. 11-7, PageID.374, 382, 393-94, 396, 398, 401). Plaintiff's care providers have further observed that the medication Plaintiff takes to control his narcolepsy "would not interfere with his ability to work" and that Plaintiff's ability to work ultimately "depends on [Plaintiff's] compliance [with] his medication [and] sleep hygiene." (*Id.*, PageID.416-18).

To the extent Plaintiff continues to experience daytime sleepiness it appears to be due to his failure to comply with his care providers' instructions. For example, Plaintiff has been repeatedly instructed to stop smoking marijuana as such contributes to his daytime "sleepiness/lethargy." (ECF No. 11-PageID.401). Plaintiff disregarded this instruction, however, and continued using marijuana "daily." (*Id.*, PageID.374, 377, 379, 394, 398, 401). Plaintiff has also been instructed to "reduce [his] intake of caffeine beverages," yet "drinks 'pop' all day long" and "eats sugar all day." (*Id.*, PageID.374, 376, 399).

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004). This is precisely what the ALJ did in this matter, and the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

## II.   Plaintiff's Subjective Allegations

The ALJ discounted Plaintiff's subjective allegations, noting that they were inconsistent with the medical evidence and his reported activities. Plaintiff argues that the ALJ's assessment in this regard is not supported by substantial evidence. Specifically, Plaintiff argues that he "cannot stay awake despite naps and medication." (ECF No. 15, PageID.447).

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also, Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[1]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). But, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this

---

[1] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. But the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

As discussed above, the evidence reveals that Plaintiff's narcolepsy is controllable with medication which, as Plaintiff's care providers have noted, does not interfere with Plaintiff's ability to work. Furthermore, as also noted, Plaintiff has not complied with his care providers' treatment instructions thus hampering his ability to control his narcolepsy. The ALJ cited this evidence to support his decision to discount Plaintiff's subjective allegations. The ALJ's assessment is supported by substantial evidence. Accordingly, this argument is rejected.

### III. Vocational Expert Testimony

Finally, Plaintiff argues that he is entitled to relief because the hypothetical question posed to the vocational expert by the ALJ failed to include all the functional limitations from which he suffers. While the ALJ may satisfy his burden through the use of hypothetical questions posed to a vocational expert, such questions must accurately portray Plaintiff's physical and mental impairments. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). In response to a question assuming Plaintiff was limited to the extent reflected in the ALJ's RFC, the vocational expert testified that Plaintiff could still perform his past relevant work. The ALJ's RFC determination is supported by substantial evidence and there was

nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert. The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                    Respectfully submitted,

Date: August 24, 2021                         /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge